UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRETT DOYLE,

Plaintiff,

v.

NEVADA, STATE OF, *et al.,*

Defendants.

Case No. 3:19-cv-00725-MMD-WGC

ORDER

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an incarcerated individual. Plaintiff Brett Doyle has submitted an application to proceed *in forma pauperis*. (ECF No. 4). Based on the financial information provided, the Court finds that Doyle is unable to prepay the full filing fee in this matter.

The Court entered a screening order on December 21, 2020. (ECF No. 3). The screening order stayed the case so that the parties could engage in the Court's Inmate Early Mediation Program, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 3, 16). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 19).

During the stay, Doyle filed a motion to amend his complaint. (ECF No. 10.) Doyle did not attach a proposed amended complaint to his motion. (*Id.*) Rather, the motion includes specific individual changes that he would like to make to his initial complaint. (*Id.*) The Court notes that an amended complaint supersedes (replaces) the original complaint and, thus, an amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required

to reallege such claims in a subsequent amended complaint to preserve them for appeal). Because Doyle did not attach a proposed, complete, amended complaint to his motion, the Court denies Doyle's motion without prejudice.

Prior to the mediation, Doyle filed a motion for a status update, in which he requested an update on the mediation process. (ECF No. 15.) As the parties have participated in a mediation conference, the Court denies this motion as moot. Doyle has also filed a motion for summary judgment. (ECF No. 18.) Although the parties participated in an early mediation conference, the Defendants in this case have not yet been served the complaint or filed a response. As such, a motion for summary judgment is not appropriate at this time, and the Court denies the motion without prejudice.

It is therefore ordered that Doyle's application to proceed *in forma pauperis* (ECF No. 4) is granted. Doyle shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Brett Doyle, # 1138892 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk of the Court shall electronically servie a copy of this Order and a copy of Doyle's complaint (ECF No. 7) on the Office of the Attorney

General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

Service must be perfected within ninety days from the date of this Order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that subject to the findings of the screening order (ECF No. 6), within twenty-one days of the date of entry of this Order, the Attorney General's Office shall file a notice advising the Court and Doyle of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve Doyle the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named defendant(s), Doyle shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Doyle shall provide the full name and address for the defendant(s).

If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 7) within 60 days from the date of this Order.

It is further ordered that Doyle shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Doyle electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Doyle mails the document to the Court, Doyle shall include with the original document submitted

for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Doyle shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

It is further ordered that this case is no longer stayed.

It is further ordered that Doyle's motion to amend his complaint (ECF No. 10) is denied without prejudice.

It is further ordered that Doyle's motion for a status update (ECF No. 15) is denied as moot.

It is further ordered that Doyle's motion for summary judgment (ECF No. 18) is denied without prejudice.

DATED THIS 15th Day of July 2021.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE