UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT DOYLE,<br><br>　　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et. al.,<br><br>　　　Defendants | Case No.: 3:19-cv-00725-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 28 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion to Amend and Proposed Amended Complaint. (ECF Nos. 28, 28-1.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 7.)

The court screened the complaint and allowed Plaintiff to proceed with First Amendment claims under the Free Exercise and Establishment Clauses against defendants Davis, Baker and Wickham. Plaintiff alleges that he is a practitioner of Messianic Judaism and defendants have refused to allow him to celebrate his holidays and fast days on the days they actually fall. In addition, he contends they favor orthodox and rabbinical Jewish inmates to do so, thereby, favoring those faith groups over Plaintiff's faith group. (ECF No. 6.)

Plaintiff moves for leave to amend. The only purpose of the amendment is to name NDOC as a defendant.

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Here, amendment would be futile. Plaintiff correctly notes that the State of Nevada was dismissed from this action on screening because a State is not a person for purposes of section 1983 and is entitled to sovereign immunity under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff seeks to get around this ruling by naming NDOC as a defendant. This also is impermissible. A governmental agency that is an arm of the state, such as NDOC, is also not a person for purposes of section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

Therefore, Plaintiff's motion to amend should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion to amend (ECF No. 28).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 3, 2022

_____
William G. Cobb
United States Magistrate Judge