UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT DOYLE, | Case No. 3:19-cv-00725-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Brett Doyle brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation (ECF No. 30 ("R&R")) of United States Magistrate Judge William G. Cobb, recommending that the Court deny Doyle's motion to amend his Complaint (ECF No. 28 ("Motion")). Doyle had until January 17, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny Doyle's Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

///

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Cobb did not clearly err. Judge Cobb recommends that the Court deny Doyle's Motion because amendment would be futile. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (noting that "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile"). Doyle requests amendment of Defendant "State of Nevada" to the "Nevada Department of Corrections" or "NDOC," because he did not know that the State would be dismissed upon screening since it is not considered a person for purposes of § 1983. (ECF Nos. 6 at 3, 28 at 2.) *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). However, Judge Cobb correctly finds that amendment would be futile because the NDOC is still an arm of the State, and likewise, would not be considered a person for purposes of § 1983. (ECF No. 30 at 2.) *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). The Court therefore agrees with Judge Cobb and adopts the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 30) is accepted and adopted in full.

It is further ordered that Doyle's motion to amend the Complaint (ECF No. 28) is denied.

DATED THIS 24th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE