AARON D. FORD
  Attorney General
DAVID A. BAILEY, Bar No. 13661
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1163
E-mail: dabailey@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Scott Davis, and*
*Harold Wickham*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT DOYLE,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>            Defendants. | Case No. 3:19-cv-00725-MMD-CSD<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SUBMIT DISPOSITIVE MOTION**<br>**(Second Request)** |

Defendants Renee Baker, Scott Davis, and Harold Wickham (collectively the "NDOC Defendants"), by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and David A. Bailey, Deputy Attorney General, hereby request a 30-day extension of time, to April 13, 2022, to file a dispositive motion. The present motion is based on Federal Rule of Civil Procedure 6(b)(1)(A), LR 1A 6-1, LR 26-3, the following Memorandum of Points and Authorities, and all papers and pleadings on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This is a pro se prisoner civil rights action brought by inmate Plaintiff Brett Doyle, concerning events that allegedly took place at the Lovelock Correctional Center, asserting claims arising under 42 U.S.C. § 1983.

On October 14, 2021, this Court entered a Scheduling Order. ECF No. 26. The discovery cut off was January 12, 2022, and the dispositive motions are to be filed by

1

February 9, 2022. *Id.* at 5-6. Discovery is complete. Defendants moved for an extension of time to file their dispositive motion from February 9, 2022 to March 14, 2022, which this Court granted. ECF Nos. 34 & 35.

Defendants now file this extension of time requesting this Court grant an additional 30 days to file their dispositive motion.

## II.   ARGUMENT

Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate . . . conduct." *See Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F. Supp. 2d 1062, 1068 (D. Nev. Sept. 30, 2010) (*citing Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010 WL 3910072, at *2 (D.Nev.2010)).

LR IA 6-1 discusses requests for continuances. The rule states:

> (a)   A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")

This is the second request and is requested for good cause. *See* LR 26-3. Counsel entered his appearance on behalf of the NDOC Defendants on January 21, 2022. *See* ECF No. 31. Despite diligent research and analysis of the nuances of both First Amendment law and, especially, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 20000cc et seq., Counsel requires additional time to properly present cogent arguments addressing the allegations Plaintiff raises in his Complaint. Counsel has made progress since requesting the first extension of time and does not expect to request a third extension.

The NDOC Defendants' request will not hinder nor prejudice Plaintiff's prosecution of his case. The requested 30-day extension of time is needed to allow Counsel to finalize an appropriate motion. The NDOC Defendants assert that the requisite good cause is

present to warrant the requested extension of time, and that this request is made in good faith and not for the purpose of delay.

### III. CONCLUSION

The NDOC Defendants request this Court extend the deadline for dispositive motions in this matter. The NDOC Defendants assert that the requisite good cause is present to warrant the requested extension of time. The request is timely. Therefore, the NDOC Defendants request additional time, up until **April 13, 2022**, to file a dispositive motion in this matter.

DATED this 14th day of March 2022.

AARON D. FORD
Attorney General

By: */s/ David A. Bailey*
DAVID A. BAILEY, Bar No. 13661
Deputy Attorney General

*Attorneys for Defendants
Renee Baker, Scott Davis, and
Harold Wickham*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

DATED: March 15, 2022

3