AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 13661
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Scott Davis, and*
*Harold Wickham*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT DOYLE,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>          Defendants. | Case No. 3:19-cv-00725-MMD-CSD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br>(First Request) |

      Defendants Renee Baker, Scott Davis, and Harold Wickham (collectively the "NDOC Defendants"), by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby request an extension of time, to **July 1, 2022**, to file a reply in support of their dispositive motion. The present motion is based on Federal Rule of Civil Procedure 6(b)(1)(A), LR 1A 6-1, LR 26-3, the following Memorandum of Points and Authorities, and all papers and pleadings on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

      This is a pro se prisoner civil rights action brought by inmate Plaintiff Brett Doyle, concerning events that allegedly took place at the Lovelock Correctional Center, asserting claims arising under 42 U.S.C. § 1983.

/ / /

On October 14, 2021, this Court entered a Scheduling Order. ECF No. 26. The discovery cut off was January 12, 2022, and the dispositive motions are to be filed by February 9, 2022. *Id.* at 5-6. Discovery is complete. Defendants submitted their Motion for Summary Judgment (ECF No. 40) on April 29, 2022. Doyle filed his Response, totaling 325 pages including exhibits, on May 17, 2022.

Counsel for the Defendants, David Bailey, has left the employ of the Office of the Attorney General. It will be necessary to reassign this matter to another attorney in the office. Additional time is requested to allow the new attorney to become familiar with the case and the pending motions. Therefore, Defendants respectfully request this Court grant an additional 30 days to file their Reply to Doyle's Response.

## II.   ARGUMENT

Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate . . . conduct." *See Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F. Supp. 2d 1062, 1068 (D. Nev. Sept. 30, 2010) (*citing Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010 WL 3910072, at *2 (D.Nev.2010)).

LR IA 6-1 discusses requests for continuances. The rule states:

> (a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")

This is the first request and is requested for good cause. *See* LR 26-3. Counsel for Defendants needs additional time to analyze the substantial response submitted by Doyle.

The NDOC Defendants' request will not hinder nor prejudice Plaintiff's prosecution of his case. The requested 30-day extension of time is needed to allow Counsel to properly reply to the Response. The NDOC Defendants assert that the requisite good cause is

present to warrant the requested extension of time, and that this request is made in good faith and not for the purpose of delay. The new attorney will need time to familiarize themselves with the case and the pleadings.

### III. CONCLUSION

The NDOC Defendants request this Court extend the deadline for dispositive motions in this matter. The NDOC Defendants assert that the requisite good cause is present to warrant the requested extension of time. The request is timely. Therefore, the NDOC Defendants request additional time, up until **July 1, 2022**, to file a dispositive motion in this matter.

DATED this 31st day of May 2022.

AARON D. FORD
Attorney General

By: _____
DOUGLAS R. RANDS, Bar No.
Senior Deputy Attorney General

*Attorneys for Defendants
Renee Baker, Scott Davis, and
Harold Wickham*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

DATED: June 1, 2022

3