UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT DOYLE,<br><br>　　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　Defendants | Case No.: 3:19-cv-00725-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 64 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for an emergency injunction order. (ECF No. 64.) Defendants filed a response (ECF Nos. 66, 66-1) as well as a supplemental response (ECF Nos. 67, 67-1). Plaintiff filed a reply (ECF No. 68) as well as a supplemental reply (ECF No. 69).[1]

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*)

---

[1] The court has exercised its discretion on this one occasion not to strike the supplemental briefing by the parties (ECF Nos. 67, 67-1 and 69). However, the parties are advised that in the future, they are limited to a motion, response, and reply. LR 7-2. Supplemental briefing is not permitted without leave of court. LR 7-2(b).

The court screened Plaintiff's complaint and allowed him to proceed with First Amendment Free Exercise Clause and Establishment Clause claims against Scott Davis, Renee Baker, and Harold Wickham. Plaintiff alleges that he is an adherent of Messianic Judaism, and Davis denied Plaintiff's request to observe Messianic Jewish holy days and fast days on the days they actually fall. Plaintiff further alleges that Davis favors Orthodox/Rabbinical Judaism over Messianic Judaism, as well as Catholics and the Siddha Yoga faith group, because he allows them to celebrate their holy days on days that are not their assigned prison worship days, while denying the same to Messianic Judaism. He avers that Baker and Wickham were made aware of these issues via the grievance process, but they failed to take corrective action.

Defendants' motion for summary judgment was denied, with the court finding there are genuinely disputed material facts regarding whether Plaintiff's rights under the Free Exercise and Establishment Clauses were violated. (ECF Nos. 49, 50.) The parties participated in a settlement conference, but they were unsuccessful in resolving this matter. (ECF No. 58.) The parties' joint pretrial order is currently due on May 4, 2023. (ECF No. 71.)

In this motion, Plaintiff states that LCC's Associate Warden of Operations, K. LeGrand, posted documents on February 10, 2023, announcing a change to LCC's religious worship schedule. Plaintiff claims this eliminated the weekly assembly of Messianic Jews on the Sabbath, which is a weekly holy day established under Administrative Regulation (AR) 810. Plaintiff contends that the Sabbath runs from sunset Friday until one hour after sundown on Saturday, with services being conducted on Friday evening and Saturday morning (with the Saturday morning service being allotted two hours). Under this change to the schedule, Plaintiff asserts two faith groups, Episcopal and The Way, are allowed to worship during those times. According to Plaintiff, neither of these are recognized faith groups under AR 810, and neither has an

association with the Sabbath. The Messianic Judaism faith group was given a spot on Wednesdays in the chapel, but this is not the Messianic Judaism holy day.

## II. DISCUSSION

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Plaintiff's complaint identifies specific instances where he was denied the ability to observe religious holy days and fast days on the days they occurred: Rosh Hashanah on September 10 and 11, 2018, fast on the "9th of AV" to be observed on July 23, 2018, Yom Kippur fast on September 19, 2018, holy day service of Yom Kippur on September 20, 2018, the Messianic Judaism holy day service of Sukkot (day 1) on September 24, 2018, the holy day service for Sukkot (day 9) on October 1, 2018, the holy day meal service for Sukkot (days 1-8), holy day service for Chanukah (day 1) on December 13, 2018, holy day service for Chanukah (day 8) on December 10, 2018, the Fast of Ester on February 19, 2018, the Fast of Ester service on February 19, 2018, Rosh Hashanah (day 1) service on September 29, 2018, Yom Kippur fast on October 9, 2019, Yom Kippur service on October 8, 2019, Sukkot (day 1) service on October

3

13, 2019, Sukkot (day 8) service on October 20, 2019, Sukkot (days 1-8) meals (2019). (ECF No. 7 at 6, 11, 13, 14.)

Plaintiff's complaint focuses on: Plaintiff not being able to observe these religious holy days and fast days on the days they occurred, instead of on the worship day designated by the prison; the allegation that other religions are allowed to observe their holy days on dates they occurred, that are not their regular prison worship days; and that Messianic Judaism is a separate and distinct faith group from Orthodox or Rabbinical Judaism.

The court finds there is not a sufficient nexus between the assertions made in this motion seeking an emergency injunction order and the allegations proceeding in this action. Plaintiff's complaint contains no mention of his ability to observe the weekly Sabbath on Friday evening and Saturday morning. Nor does it mention his new allegation that LCC officials are elevating the religious needs of the Episcopal and The Way groups above those of Messianic Judaism. The parties proceeded with discovery and then beyond summary judgment based on the allegations regarding the specific violations of his rights alleged in the complaint. The joint pretrial order is due in a few weeks, and then this matter will proceed to trial. Plaintiff is essentially asking the court to amend his complaint at this late stage with additional allegations of violations of his religious rights, invoking additional rights—the Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA))—that are not at issue in this case.

Moreover, Defendants represent that Plaintiff has not exhausted his administrative remedies with respect to the allegations that he is being denied his right to observe the Sabbath according to his faith, which is a prerequisite to bringing a lawsuit. 42 U.S.C. § 1997e(a). This is important because the exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v.*

*Bock*, 549 U.S. 199, 204 (2007). Exhaustion also "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted). Plaintiff should not be permitted to subvert that process by essentially trying to have the court interpret his claims much more broadly than they were construed on screening to include these new alleged violations of his rights.

Therefore, Plaintiff's request for emergency injunctive relief should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's request for an emergency injunction order (ECF No. 64).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 10, 2023

_____
Craig S. Denney
United States Magistrate Judge